UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ROBERT DEVAN BOOKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:06-CV-0177 WL |
| | ) | |
| RECORD KEEPER OF THE ST. | ) | |
| JOSEPH HOSPITAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*OPINION AND ORDER*

Robert Booker submitted the complaint in this case under 42 U.S.C. § 1983 while he was a prisoner confined at the Hamilton County Jail. Mr. Booker alleges that St. Joseph Hospital in Allen County, the hospital's record keeper and risk management supervisor, Doctor John Doe, and Nurse John Doe did not give him appropriate treatment for his back condition on August 26, 2005.

After a complaint is filed, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to *sua sponte* dismiss a prisoner suit at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Booker brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case

is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

The United States Supreme Court defined the phrase "acting under color of [state] law" as "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . . ." *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (citations omitted). The purpose of § 1983 is to deter state actors, and private individuals in collaboration with state officials, from using a "badge of authority" to deprive individuals of rights guaranteed by the Constitution. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

Private hospitals and their employees are generally not state actors. But where a plaintiff alleges that private persons acted in concert with state actors, they may become state actors for the purposes of § 1983. *Dennis v. Spark*, 449 U.S. 24 (1980) (the joint action test provides that a private party who is a willful participant in joint action with state agents may be considered to have acted under color of state law). Mr. Booker alleges that St. Joseph Hospital employees acted at the direction of a police officer, so, giving him the benefit of the inferences he is entitled to at the pleadings stage, the court will treat the defendants as state actors for the purposes of this memorandum.

Mr. Booker names the Record Keeper of the St. Joseph Hospital and the Risk Management supervisor of St. Joseph Hospital as defendants. Section 1983 creates a cause of action for damages based on personal liability. A plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761

F. 2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, which allows a superior to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). The St. Joseph Hospital, risk management supervisor and record keeper had no personal involvement in treating Mr. Booker on August 26, 2005.

Mr. Booker seeks to sue the St. Joseph County Hospital, the employer of the doctor and nurse he alleges did not adequately treat him. But the St. Joseph County Hospital could only be sued under a respondeat superior theory, and the doctrine of *respondeat superior*, has no application to § 1983 actions. *Chavez v. Illinois State Police*, 251 F.3d at 651; *Moore v. State of Indiana*, 999 F.2d 1125 at 1129.

Mr. Booker asserts that he suffers from a back condition that periodically requires treatment or pain medication. He alleges that a doctor and nurse violated his "amendment rights 1st through the 14th by denying me right & or proper medical care." (Complaint at p. 3). The Eleventh, Twelfth. and Thirteenth amendments, and most of the bill of rights, have no application to Mr. Booker's complaint. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Robinson v. Moses*, 644 F.Supp. 975 (N.D. Ind. 1986). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Bell v. Wolfish*, 441 U.S. at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive

the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). In medical care cases, the Eighth Amendment test set forth in *Farmer v. Brennan* and *Wilson v. Seiter* is expressed in terms of whether there was deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The court will consider Mr. Booker's medical treatment claim under the standard of *Estelle v. Gamble*.

Mr. Booker asserts that he suffers from sciatica lumbar radicuiopathy for which he had been treated at the St. Joseph Hospital on pervious occasions. According to Mr. Booker, he suffers from sciatica pains. He alleges that on August 26, 2005, police officers took him to the hospital because he was complaining of back pain. But instead of letting the doctor treat him has he had been treated in the past, he alleges that he heard a police officer suggest to the doctor that he might be "faking back pain. Just go in their (sic) and look at him." (Complaint at p. 8). The doctor briefly examined Mr. Booker and then told a nurse to "get this man some pain medicine." (Complaint at p. 8). The nurse then gave Mr. Booker a shot of what he was later told was morphine and demaral. When he had been in the hospital on other occasions, the treating doctor had done a more thorough examination, including looking at his records. (Complaint at p. 9).

In medical care cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. at 106. Because deliberate indifference is comparable to criminal recklessness, *Farmer v. Brennan*, 511 U.S. at 837, a plaintiff must demonstrate more than an inadvertent failure to provide medical care or negligence in treating a medical condition.

4

*Estelle v. Gamble*, 429 U.S. at 105-07; *Billman v. Indiana Department of Correction*, 56 F.3d 785 (7th Cir. 1995). He must show "something approaching a total unconcern for [his] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d at 677.

That the doctor who saw Mr. Booker on August 26, 2005, did not give him as thorough an examination as doctors who had seen him on other occasions states no claim upon which relief can be granted. That medical personnel see and treat an prisoner normally establishes lack of indifference to his medical problems. *Estelle v. Gamble*, 429 U.S. at 107-108; *Wells v. Franzen*, 777 F.2d 1258, 1264 (7th Cir. 1985). According to the complaint, the doctor examined Mr. Booker and prescribed pain medication for him even though an unnamed police officer had said he thought Mr. Booker was faking. The doctor who examined Mr. Booker did not show anything approaching a total unconcern for his welfare in the face of serious risks, or show a conscious, culpable refusal to prevent harm

That the doctor who examined Mr. Booker on August 26, 2005, did not prescribe treatment Mr. Booker would prefer, or treatment that other doctors might have prescribed in the past, also does not violate his federally protected rights. "Under the Eighth Amendment, [the plaintiff] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her. The defendants have taken those measures." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). The doctor and nurse treated Mr. Booker for his pain, albeit not in the way he would prefer. Mr. Booker might have preferred different pain medication, but he "is not entitled to demand specific care." *Forbes*, 112 F.3d at 267. Mr. Booker's dispute over what is the proper treatment does not state a claim of deliberate indifference.

For the foregoing reasons, the court DISMISSES this complaint pursuant to 28 U.S.C. § 1915e(2)(B)(ii) for failure to state a claim upon which relief can be granted.

SO ORDERED.

ENTERED: June 5 , 2006

                                            s/William C. Lee
                                            William C. Lee, Judge
                                            United States District Court